Dear Chief Rost,
You have requested an opinion of this office regarding the use of a vehicle furnished by the Village of Maurice to you for use as chief of police. According to your request, the Chief of Police of the Village of Maurice is different from chiefs of police in other cities. You state that, in Maurice, the chief of police is the primary backup officer and must be on "ready to go" status at all times.
Our office has previously opined that public funds may be utilized to equip public officials and personnel with regard to their public duties and responsibilities. La. Atty. Gen. Op. No. 05-0036. In fact, we specifically addressed the use of public funds to provide a public employee with a public vehicle in the following opinions:
La. Atty. Gen. Op. No. 07-0180 considered whether an employee who is on call twenty-four hours a day could use the town vehicle to travel back and forth from his home to work and keep the vehicle at his home when he is not at work. The opinion concluded that "the expenditures that may be associated with traveling to and from work appear to be minimal in comparison to the benefit realized in having rapid deployment of decision making personnel to emergency situations.
La. Atty. Gen. Op. No. 06-0124 addressed the use of certain fire department vehicles purchased by the fire department and used by the fire chief and three assistant chiefs, all of whom were on 24-hour call to respond to emergencies. The opinion concluded that "a public purpose exists by providing 24-hour *Page 2 
transportation for the fire chief and assistant fire chiefs" and that the fire chief and his assistants may use vehicles purchased with public funds and assigned to them for occasional personal use without violating La.Const. art. VII, Sec. 14.
La. Atty. Gen. Op. 90-370 addressed whether a hospital administrator, who was on call and must respond to the hospital 24 hours a day, could use a hospital furnished vehicle. The opinion concluded that he could and noted that "occasional personal use of public vehicle furnished to hospital administrator on twenty-four call does not constitute a prohibited donation of public property."
The conclusion reached in each of these opinions was the same: that the public official or employee who was on call and required to respond to emergencies 24 hours a day could use a vehicle purchased with public funds. Each of these opinions concluded that the use of the vehicles was not a violation of La.Const. art. VII, Sec. 14, which prohibits the gratuitous donation of public property.[1]
It continues to be the opinion of this office that a public employee who is required to be on call and respond to emergencies 24 hours a day may use a vehicle purchased with public funds without violating Art. VII, Sec. 14 of the Constitution. As previously stated, "the fact that a [publicly-owned] vehicle might be used occasionally for some personal use does not render its cost to the public disproportionate to the public benefit realized in rapid deployment of emergency decision making personnel to an incident or emergency." La. Atty. Gen. Op. No. 06-0124. Of course, if personal use of the vehicle is substantial, the costs associated with the personal use of said vehicle could exceed the public benefits and create a constitutional violation. The question of at what precise point the cost of personal use would exceed the public benefit is beyond the scope of this *Page 3 
letter because it is a fact specific question that cannot be answered by this office in a general opinion.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY: __________________________
 Lindsey K. Hunter
 Assistant Attorney General

JDC/LKH/chb
[1] La.Const. art. VII, Sec. 14(A) provides, in pertinent part, as follows:
 Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . .
The seminal case interpreting this constitutional provision is Board ofDirectors of the Industrial Development Board of the City of Gonzales,Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens of the Cityof Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11 (the "Cabela's" case) in which the Louisiana Supreme Court held that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Id. at 20. In order to determine whether public funds have been "gratuitously alienated," our office has opined that: (i) the expenditure must be for a public purpose that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.